

# FILED

JUL 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS EDWARD DESKINS, | No. 09-35519 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05127-RBL |
| v. | |
| CITY OF BREMERTON, | MEMORANDUM* |
| Defendant, | |
| and | |
| KRISTA HEDSTROM, a Washington State Trooper, as an individual, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 14, 2010
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, Senior District Judge.[**]

Thomas Deskins appeals the summary judgment on his claims under 42 U.S.C. § 1983 against Krista Hedstrom. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I

Hedstrom's decision to stop Deskins was reasonable. She observed him driving continuously in the left lane on a two-lane divided highway in violation of RCW 46.61.100, which Washington categorizes as a "traffic infraction," *see* RCW 46.63.020. *See also Whren v. United States*, 517 U.S. 808, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.").

## II

We also agree with the district court that Hedstrom is entitled to qualified immunity with respect to Deskins's arrest. No clearly established law would have alerted a reasonable officer that she lacked probable cause to arrest Deskins for

---

[**]    The Honorable William T. Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

obstruction under RCW 9A.76.020 when he ignored several commands and was slow in responding to others.

## III

Nor did Hedstrom use excessive force. She could reasonably fear for her safety as she was alone with Deskins on a dark highway with little traffic; he failed to remain in his vehicle, despite Hedstrom's instructions; his behavior from the initial encounter on was unusual; he was much larger than Hedstrom; and she did not know whether Deskins was armed or not. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994). She also had no way of knowing whether Deskins had a hearing problem. But even if Hedstrom's conduct were unconstitutional, the law was not clearly established that drawing a weapon in the circumstances amounted to excessive force. *Compare Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002). Hedstrom is thus entitled to qualified immunity.

AFFIRMED.